UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELISSA F. GUILLORY | * | CIVIL ACTION |
| VERSUS | * | NO. 09-4343 |
| ST. JOHN THE BAPIST PARISH, ET AL. | * | SECTION "L" |
| | * | MAGISTRATE 2 |

## ORDER & REASONS

Before the Court is St. John the Baptist Parish's Motion to Enforce Settlement or Alternatively Motion for Summary Judgment (Rec. Doc. No. 13). For the following reasons, the motion is GRANTED.

## I. BACKGROUND

This case arises out of the overflow of the banks of the Montz Canal (the Canal) in St. John the Baptist Parish (the Parish) which has resulted in repeated flooding of the Plaintiff's home located at 161 Belle Grove Drive, LaPlace, Louisiana. Plaintiff purchased the property on or about August 9, 2002. On September 25, 2002 Plaintiff's property flooded as a result of rains and tidal surge from Tropical Storm Isidore. In 2005, the Parish began construction to correct the problems that resulted in the flooding of Plaintiff's home, including installation of a sump-pump, which was completed by August of that year.[1] Flooding occurred again on October 2, 2002 due to Hurricane Lily and on September 1, 2005 following Hurricane Katrina. On March 1, 2006 Plaintiff filed suit in the 40th Judicial District Court for the Parish of St. John against the Parish alleging negligence by the Parish in constructing and maintaining proper drainage.[2]

---

[1] Rec. Doc. No 21 at 2; Rec. Doc. No. 13-3 at 47:6-25.
[2] Rec. Doc. No. 13-4.

Plaintiff alleged that the Parish had constructed a street in her subdivision which resulted in the drainage of water directly into her home and the Parish failed to install or maintain or utilize an adequate sub pump to minimize flooding following the construction.[3] On April 7, 2008 the parties entered into a settlement agreement in which the Parish agreed to compensate Plaintiff in the amount of $17,500. In consideration, Plaintiff released the Parish from liability for any "injuries or damages which may have been suffered by [Plaintiff] in an incident which occurred on September 1, 2005 at the residence located on 161 Belle Grove Drive…"[4]

Plaintiff's home sustained flood damages again on September 13, 2008 during Hurricane Ike. On June 17, 2009 Plaintiff filed the current lawsuit asserting a claim of negligence against the Parish for failing to take adequate measures to prevent the overflow of the Canal and protect her residence. The Plaintiff also sued her insurer, Fidelity National Property and Casualty Insurance Co., for failure to meet their full contractual obligations.[5]

This case was removed on July 8, 2009. Defendant Fidelity is a WYO Program Carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, thus this Court has original exclusive jurisdiction under 42 U.S.C. §4072 as well as federal question jurisdiction.

II.     **THE MOTION**

On April 6, 2010 the Parish filed a Motion to Enforce Settlement or Alternatively Motion for Summary Judgment. First, the Parish argues that the prior settlement entered into by the parties in 2006 bars Plaintiff from brining suit now on the same matter. In the alternative the

---

[3] *Id.* at III, IV.
[4] Rec. Doc. No. 13-6.
[5] Rec. Doc. No. 1.

Parish argues that the Plaintiff's claim is prescribed because it was not brought within two years of the Plaintiff's knowledge of the flooding and drainage problems.  La. R.S. §9:5624.  The Plaintiff opposes the motion contending that the Parish was negligent in maintaining the Canal and drainage pump and therefore the prior settlement does not foreclose this claim. Additionally, Plaintiff feels the claim is not prescribed as La. R.S. §9:5624 is inapplicable.

**III.        LAW & ANALYSIS**
       **A. SUMMARY JUDGMENT**

A district court can grant a motion for summary judgment only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law."  *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of*

*Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

### B. PRESCRIPTION

Louisiana Revised Statute 9:5624 states that "[w]hen private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works."

Plaintiff's complaint vaguely alleges the Parish's "fail[ure] to take adequate measures to prevent the overflow of the Montz Canal."[6] The Court construes this complaint liberally, finding that the Plaintiff is claiming either a failure to properly construct and maintain the previously constructed street connection or the canal itself.[7]

Louisiana Revised Statute 9:5624 requires that Plaintiff file suit within two years of the completion of either the street connection or the drainage canal. All evidence in the record, including Plaintiff's own deposition indicates that all public works occurred in 2005. Thus, under 9:5624 Plaintiff's claim is prescribed. Louisiana courts have consistently held that flooding damage incurred as a result of work performed in relation to a drainage canal has a two year prescription period. *See e.g. Scogin et al. v. The Honorable Webb Hart, et al.,* 459 So.2d

---

[6] Rec. Doc. No 1-1, at XI.
[7] See also Plaintiff's Opposition, Rec. Doc. No 21 at 2 ("Ms. Guillory's property flooded as a s result of rain and/or tidal surge associated with Tropical Storm Isidore, and Hurricanes Lily and Katrina. Thereafter, SJBP [the Parish] made representations that a sump-pump would be placed near Ms. Guillory's home following construction of a connection between the original Belle Grove Drive and nearby Farm Road.")

1228, 1229 (La.App. 1st Cir. 1984). Further, the Louisiana First Circuit Court of Appeals has found that failure to maintain a drainage canal is governed by the two year prescriptive period as well. *Wilson v. City of Baton Rouge* 96-0015 (La. App. 1st Cir. 11/8/96), 683 So.2d 382.

At least one Louisiana Circuit Court of Appeal has questioned the applicability of La. Rev. Stat. 9:5624 in claims that allege damage occasioned due to failure to *maintain* a public purpose project. The Louisiana 2nd Circuit Court of Appeals found claims regarding failure to maintain property to be governed by La. Civ. Code arts 3493 rather than under §9:5624, allowing for a one year prescriptive period when damage is caused to immovable property, running from the day the owner acquired or should have acquired knowledge of the damage. *Pracht v City of Shreveport*, 830 So. 2d 546 (La App 2 Cir. 2002) *cert. denied* 839 So. 2d 461 (La. 2003). The Court found that 5624's two year prescriptive period from the time of construction would permit "a public entity to negligently allow public projects to fall into disrepair and cause damage as a result thereof with impunity." *Id.* at 550. Thus, the Court held that Plaintiff has one year from the day they knew of the damage caused by the failure to maintain the canal or the construction on the canal to bring suit.

In *Pracht,* Plaintiff argued that because their property had flooded consistently each year and therefore constituted a continuous tort, tolling the prescription period. Similarly here, Plaintiff argues that her property has flooded at least twelve times since 2002.[8] However, in determining whether such flooding could toll the prescriptive period, the *Pracht* court held,

> We do not believe that separate instances of flooding caused by the negligent maintenance of a drainage canal constitutes such a continuous tort. Since we can reasonably rely on the fact that it will always rain (hence the need for drainage canals), plaintiffs' proposition would have the result of postponing the running of

---
[8] See Rec. Doc. No. 13-3, 75:5 – 67:15.

5

prescription in perpetuity. For the flooding damage will never abate until either it stops raining or the necessary repairs/modifications are made to the drainage canal to prevent the flooding. A review of the jurisprudence supports the conclusion that repeated instances of flooding do not constitute a continuous tort.

*Id.* at 551.

Similarly here, the Court finds that the flooding of Plaintiff's property does not constitute a continuous tort. Thus, even under the Second Circuit analysis using La. Civ. Code arts 3493 and a one year prescription period from the time Plaintiff knew of the damage, Plaintiff's claim is prescribed. Plaintiff had knowledge of flooding as early as September 25, 2002 during Tropical Storm Isidore, more than seven years ago.

### C. PRIOR SETTLEMENT

As this Court has found Plaintiff's claim prescribed, it finds no reason to reach the issue of whether Plaintiff is barred from suit under the 2006 settlement agreement.

### IV. CONCLUSION

For the foregoing reasons, the motion of the defendants in hereby GRANTED (Rec. Doc. No. 13). St. John the Baptist Parish and all claims against it are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 10th day of June, 2010.

_____
United District Court Judge